**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| DAVID TRUJILLO, an Individual, | ) |
| | ) |
| Plaintiff, | ) Civil Action Number: |
| | ) |
| v. | ) Judge: |
| | ) |
| THANKS AGAIN, LLC, a Delaware | ) Jury Trial Demanded |
| Corporation | ) |
| | ) |
| and, | ) |
| | ) |
| EDMUND PUCKHABER, an Individual | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff David Trujillo (hereinafter "Plaintiff") by and through his undersigned counsel, and files this Complaint against Defendant Thanks Again, LLC, and its parents, affiliates, subsidiaries, successors, assigns, (hereinafter "Thanks Again") and in the alternative also against Defendant Edmund Puckhaber (hereinafter "Puckhaber") and in support thereof would further state as follows:

## PARTIES

1.      Plaintiff David Trujillo (hereinafter "Plaintiff") is a resident of Dallas, Texas.  He is a former employee of Thanks Again, LLC (hereinafter "Defendant

Thanks Again"), and in the alternative he is a former employee of Defendant Thanks Again and Defendant Edmund Puckhaber (hereinafter "Defendant Puckhaber"). Plaintiff was employed by Defendant Thanks Again from on or about September, 2008 to on or about May, 2011 as the Affiliate Program Marketing Manager and then as a Regional Executive.

2.      At all times material to this action, Plaintiff was an "employee" of Defendant Thanks Again and in the alternative also of Defendant Puckhaber (hereinafter "Defendants") defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States. Plaintiff is further covered in the alternative by §§ 203 and 207 of the FLSA for the period in which he was employed by Defendants.

3.      Defendant Thanks Again is a limited liability company formed under the laws of the State of Delaware with a principal office address of 1015 Tyrone Road, Suite 820, Tyrone, Fayette County, Georgia 30290 (hereinafter "Defendants' Fayette Location") and is subject to the jurisdiction of this court.

4.      Defendant Thanks Again is a company that helps consumers in Georgia and throughout the United States "supercharge" their participation in national reward programs by offering "bonus earning" opportunities for purchases.

5.      Defendant Thanks Again employed Plaintiff pursuant to a written agreement and in the alternative(s) to oral agreement(s).

6.      Defendant Puckhaber during the relevant time period of this action was the President and COO of Defendant Thanks Again and is a resident of Charleston, South Carolina.

7.      Defendants conduct business within this State and District.

8.      Defendants maintained either actual or constructive control, oversight and direction of Defendants' Fayette Location, including the employment and pay and other practices of that operation.

9.      Defendant Thanks Again is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent: Marc Ellis, 1015 Tyrone Road Suite 820, Tyrone, Georgia 30290.

10.     Defendant Puckhaber can be served at his residence at 116 Bellinger Street, Charleston, South Carolina 29492.

11.     At all times material to this action, Defendant Thanks Again was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

12.     At all times material to this action, Defendant Thanks Again was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

13.     In the alternative, upon information and belief, at all times material to this action, Defendant Puckhaber was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

14.     In the alternative, the minimum hourly wage provisions set forth in § 206 of the FLSA apply to Defendants.

## JURISDICTION AND VENUE

15.     This Court has diversity jurisdiction over this cause of action pursuant to 28 U.S.C. § 1332.

16.     The Plaintiff is a citizen of the state of Texas.

17.     The Defendants are citizens of Georgia and South Carolina. The sole corporation in this action does business within this judicial district and division. This action is brought within the jurisdictional district wherein some of the unlawful practices were committed, making venue proper under 28 U.S.C. § 1391(b).

18.     Complete diversity of citizenship exists because no Plaintiff and/or Defendant reside or have their principal residency in the same state. The amount in controversy is in excess of $75,000, exclusive of interest and costs.

19.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

20.    Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court.

## FACTUAL BACKGROUND

21.    This is a complaint that arises from the commission of breach of a written employment contract by Thanks Again.

22.    This is also a complaint against Thanks Again for fraud in the inducement, and for Attorneys' Fees and costs..

23.    In the alternatives, this is a complaint against Thanks Again: (a)  for breach of an oral employment agreement(s); (b) quantum meruit; (c) unjust enrichment; and (d) conversion; and against Thanks Again and Puckhaber (hereinafter "Defendants") for Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically the provisions of the FLSA found at § 216(b) to remedy violations of the minimum wage and overtime provisions of the FLSA by Defendants which have deprived Plaintiff, of his lawful minimum hourly and overtime wages; and, in support thereof would further state as follows:

24.     From on or about September, 2008 ("Commencement Date") until on or about May, 2011 Defendant Thanks Again employed Plaintiff as an affiliate program marketing manager, marketing to prospective clients and "partners" throughout the United States. He was then promoted to the title of Regional Executive on or around June 2010.

25.     Plaintiff was simultaneously responsible for assisting in identifying individual investors for Defendant Thanks Again.

26.     Defendant Thanks Again employed Plaintiff pursuant to an Employment Agreement ("Agreement"). (*see* Exhibit A) and in the alternative pursuant to an oral agreement and subsequent oral agreements ("Oral Agreements") made at various times throughout Plaintiff's employment, including at the time of his employment, by Defendant Thanks Again, all of whose terms included amongst other things a provision that Plaintiff would be paid a salary of one hundred thousand dollars ($100,000) per year.[1] [2]

27.     On or about September 2008, Plaintiff commenced his employment with Defendant Thanks Again under the terms of the Agreement and Oral Agreements ("THE AGREEMENTS").

---

[1] Except the first 90 days when the agreement illegally waives Plaintiff's wages.
[2] Collectively the Agreement and all subsequent oral agreements hereinafter will be referred to as THE AGREEMENTS.

28.     On or about September 2008, Defendant Thanks Again provided Plaintiff with a written job description. (*see* Exhibit B).

29.     Plaintiff worked at least 40 hours per week during the term of his employment.

30.     At all times relevant, Plaintiff was an employee of Defendant Thanks Again.

31.     Plaintiff fulfilled his obligations to Defendant Thanks Again under THE AGREEMENTS and continued his employment with Defendant Thanks Again through on or about May, 2011.

32.     Defendant Thanks Again failed to pay Plaintiff any remuneration whatsoever for his work under the terms of THE AGREEMENTS for the years 2008, 2009 and 2010. Defendant Thanks Again started paying Plaintiff at the rate of $50,000 per year on January 1st, 2011, which is half the amount contracted for.

33.     .Defendants made payments to Plaintiff that approximated $21,000 in 2010, but classified said payments as "Guaranteed Payments," on Defendant Thanks Again K1 submission.

34.     In 2011 until his employment was terminated, Defendants paid Plaintiff at the rate of an annualized salary of $50,000.00 which is half the amount contracted for.

35.   At all times throughout Plaintiff's employment Defendants breached THE AGREEMENTS by not paying Plaintiff all monies and benefits due and owing to him in accordance with the terms of THE AGREEMENTS.

36.   At all times throughout Plaintiff's employment by Defendants, Plaintiff was required to pay all of his own expenses to perform his duties and Defendant Thanks Again routinely delayed reimbursing Plaintiff for same causing Plaintiff much financial hardship and emotional pain and suffering.

37.   Despite demand, Defendants have yet to pay Plaintiff his wages in accordance with THE AGREEMENTS.

38.   Defendant Thanks Again's failure to pay Plaintiff for the services he has rendered and to reimburse him for business expenses of Defendant Thanks Again is stubbornly litigious, is in bad faith, and has caused Plaintiff unnecessary trouble and expense, entitling Plaintiff to an award of litigation expenses and attorneys' fees, under O.C.G.A. § 13-6-11.

39.   A jury trial is demanded.

## COUNT ONE

### (BREACH OF A WRITTEN EMPLOYMENT CONTRACT BY DEFENDANT THANKS AGAIN)

40.   Plaintiff re-alleges Paragraphs 1- 40 above as though fully set forth herein.

41.   Plaintiff performed all duties in his capacity as an employee of Defendant Thanks Again in accordance with the Agreement in an exemplary manner from the commencement of his employment on or about September, 2008, through on or about May, 2011.

42.   Defendant Thanks Again breached the Agreement with Plaintiff by failing or otherwise refusing to pay Plaintiff his full annual salary, fringe benefits and commissions in accordance with the terms of the Agreement.

43.   Plaintiff's Agreement with Defendant Thanks Again has implied in law a covenant of good faith and fair dealing.

## COUNT TWO

### (FRAUD IN THE INDUCEMENT AGAINST DEFENDANT THANKS AGAIN)

44.   Plaintiff re-alleges Paragraphs 1-40 above as though fully set forth herein.

45.   At the time Defendant Thanks Again hired Plaintiff, and on numerous subsequent occasions, Defendant Thanks Again's Executives repeated its oral employment contractual representations offers and promises, including but not limited to an annual salary of $100,000, which were accepted by Plaintiff.

46.     Defendant Thanks Again's said representations, offers, promises, and THE AGREEMENTS falsely represented Defendant Thanks Again's intentions to actually comply with said representations, offers, promises, and THE AGREEMENTS as shown by its immediate and never corrected noncompliance with said representations, offers, promises, and THE AGREEMENTS.

47.     Defendant Thanks Again knew that its representations, offers, promises, and THE AGREEMENTS were false.

48.     Defendant Thanks Again intended to deceive Plaintiff through its false representations, offers, promises, and THE AGREEMENTS in order to gain the illegal benefit of Plaintiff's skills, knowledge, work and employment.

49.     Plaintiff justifiably relied upon Defendant Thanks Again's representations, offers, promises, and THE AGREEMENTS.

50.     As a direct and proximate result of Defendant Thanks Again's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, back wages, loss of benefits and back benefits, loss of career opportunities, humiliation and embarrassment, mental and emotional distress and loss of the ordinary pleasures of everyday life.

51.     Damages Plaintiff has suffered were directly caused by the representations, offers, promises, and THE AGREEMENTS.

## COUNT THREE

## (IN THE ALTERNATIVE PLAINTIFF'S CAUSE OF ACTION IN EQUITY FOR UNJUST ENRICHMENT AGAINST DEFENDANT THANKS AGAIN)

52.     Plaintiff re-alleges Paragraphs 1-40 above as though fully set forth herein.

53.     Defendant Thanks Again's refusal to pay to Plaintiff the funds that they have received that belong to Plaintiff in the form of wages, fringe benefits and commissions  as a direct result of Plaintiff's efforts on behalf of Defendant Thanks Again during his employment has unjustly enriched Defendant Thanks Again in violation of the principles of equity.

54.     It would be unconscionable to allow Defendant Thanks Again to retain the benefits they have received.

## COUNT FOUR

## (IN THE ALTERNATIVE BREACH OF ORAL EMPLOYMENT AGREEMENTS BY DEFENDANT THANKS AGAIN)

55.     Plaintiff re-alleges Paragraphs 1-40 above as though fully set forth herein.

56.     Plaintiff performed all duties in his capacity as an employee of Defendant Thanks Again in accordance with the Oral Agreements in an exemplary

manner from the commencement of his employment on or about September, 2008, through on or about May, 2011.

57.    Defendant Thanks Again breached the Oral Agreements with Plaintiff by failing or otherwise refusing to pay Plaintiff his full annual salary, fringe benefits, and commissions in accordance with the terms of the Oral Agreements.

58.    Plaintiff's Oral Agreements with Defendant Thanks Again has implied in law a covenant of good faith and fair dealing.

## COUNT FIVE

### (IN THE ALTERNATIVE VIOLATIONS OF THE FLSA BY DEFENDANT THANKS AGAIN AND DEFENDANT PUCKHABER)

59.    Plaintiff re-alleges Paragraphs 1-40 above as though fully set forth herein.

60.    Defendants have willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay minimum wage compensation to Plaintiff in accordance with §§ 203 and 206 of the FLSA.

61.    As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive minimum wage compensation in accordance with §§ 203 and 206 of the FLSA.

62.     Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

63.     As a result of the unlawful acts of Defendants, Plaintiff has been deprived of minimum wage compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees, costs and other relief.

## COUNT SIX

### (IN THE ALTERNATIVE PLAINTIFF'S CAUSE OF ACTION IN EQUITY FOR THE RECOVERY OF THE SERVICES RENDERED TO DEFENDANT THANKS AGAIN UNDER QUANTUM MERUIT)

64.     Plaintiff re-alleges Paragraphs 1-40 above as though fully set forth herein.

65.     Plaintiff is entitled to recover for the fair value of the services that he rendered to Defendant Thanks Again under the equitable doctrine of Quantum Meruit.

66.     Said services value to be determined thru discovery but exceeds $75,000, exclusive of interest and costs.

## COUNT SEVEN

### (IN THE ALTERNATIVE PLAINTIFF'S CAUSE OF ACTION FOR CONVERSION AGAINST DEFENDANT THANKS AGAIN)

67.   Plaintiff re-alleges Paragraphs 1-40 above as though fully set forth herein.

68.   Defendant Thanks Again wrongful withholding of the commissions earned and payable to Plaintiff on investments made in Defendant Thanks Again by investors identified by Plaintiff in order to benefit Defendant Thanks Again, and Defendant Thanks Again wrongful withholding of the wages earned and payable to Plaintiff on the business generated by Plaintiff that benefitted Defendant Thanks Again constitute conversion of the property of Plaintiff.

69.   Said commissions and earned wages to be determined thru discovery but exceeds $75,000, exclusive of interest and costs.

70.   Defendant Thanks Again's knowledge that these sums are due while still refusing to pay them demonstrates a malicious and wanton effort to harm the Plaintiff by depriving him of his property rights to these commissions and wages.

**COUNT EIGHT**

**(PLAINTIFF'S CAUSE OF ACTION
FOR ATTORNEY'S FEES AND COSTS)**

71.   Plaintiff re-alleges Paragraphs 1- 40 above as though fully set forth herein.

72.   At all times pertinent herein, Defendant Thanks Again acted in bad faith, has been stubbornly litigious, and have caused Plaintiff unnecessary trouble

14

and expense, entitling Plaintiff to an award of attorneys' fees, expenses and costs of litigation.

WHEREFORE, Plaintiff prays this Honorable Court enter Judgment against Defendant Thanks Again as follows:

a. Compensatory damages in whatever amount above $25,000 Plaintiff is found to be entitled;

b. Exemplary damages in whatever amount above $25,000 plaintiff is found to be entitled;

c. An award of unpaid wages (including liquidated damages as appropriate) and the value of unpaid fringe benefits in an amount exceeding $100,000;

d. An award of unpaid commissions;

e. An award of interests, costs and reasonable attorneys' fees;

f. An order awarding whatever equitable relief appears appropriate at the time of final judgment.

Respectfully submitted this 27th day of December, 2011.

MARTIN & MARTIN, LLP
By: /s/ Thomas F. Martin
Thomas F. Martin
tfmartin@martinandmartinlaw.com
Georgia Bar No. 482595
Kimberly N. Martin
kmartin@martinandmartinlaw.com
Georgia Bar No. 473410

MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085-1070


(770) 344-7267 / (770) 837–2678 Fax